UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.   07-093 (HHK) |
| v. : | |
| MICHAEL RUTH : | |
|        Defendant. : | |

GOVERNMENT'S MOTION AND MEMORANDUM IN
SUPPORT THEREOF TO ADMIT OTHER CRIMES EVIDENCE
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct on the part of the defendant which is relevant to defendant's intent, knowledge, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") . In support of its motion, the government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

1.  The defendant is charged in a one-count indictment with Unlawful Possession of a Ammunition by a Person Convicted of Crime Punishable by Imprisonment for One Year or More, in violation of 18 U.S.C. §922(g)(1).

2.  At a hearing or trial in this matter, government counsel expects the evidence for this charge to demonstrate substantially as follows: On March 14, 2007 at approximately 11:15 a.m., the defendant attempted to enter the Superior Court for the District of Columbia, located at 500 Indiana Avenue, NW, through the main entrance. While passing through the security

checkpoint, the defendant placed a small backpack through the security x-ray screening machine. While passing through the x-ray machine, Court Security Officer ("CSO") Audrey Clare observed what appeared to be two ammunition magazine clips in the defendant's backpack. The defendant was then asked whether that backpack belonged to him, and the defendant initially said no, but then admitted that the backpack did belong to him. The backpack was then run through the x-ray machine for a second time, confirming that there appeared to be two ammunition magazine clips inside of his backpack. The bag was then searched by CSO Clare and her supervisor, CSO Paul McLeod, and that search revealed that the defendant had inside of his backpack two ammunition magazine clips, one loaded with seven rounds of Luger 9mm ammunition and the other clip loaded with thirteen rounds of Winchester 9mm ammunition. The defendant was then placed under arrest.

This type of ammunition is not manufactured in the District of Columbia. As indicated in the indictment, the defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia, Criminal Case No. F-3559-00.

3.  In this case, the government seeks to introduce evidence of that the defendant had the same type of ammunition, that is Luger 9mm ammunition, in his home. This ammunition was seized when members of the United States Marshall Service executed a search warrant in the defendant's home located at 3211 Burton Court, Temple Hills, MD on March 15, 2007. The fact that the defendant had in his home the exact same type of ammunition that was found in his backpack at the Superior Court entrance provides proof in this case that the defendant's

possession of the ammunition on March 14, 2007 was done knowingly and intentionally, and was not the result of inadvertence or mistake or accident.[1]

On March 15, 2007 members of the United States Marshall Service executed a search warrant of the defendant's home based on the facts described above. Once in the house they were advised by the defendant's mother that the defendant's room was in the basement. The search of the defendant's room revealed a box of ammunition that contained forty-four rounds of Luger 9MM rounds. These 9mm rounds were found inside of a box marked American Eagle .357 Magnum, High Velocity that was inside of the bottom drawer of the dresser that was in teh defendant's bedroom. Also found in that dresser drawer was mail matter belonging to the defendant. Also found in the dresser was a plastic bag containing nineteen rounds of .357 caliber ammunition.

4.      Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at

---

[1]/ The evidence and details described herein are necessarily brief. The government respectfully requests leave to supplement this motion with additional details and evidence, as they become available and as it becomes appropriate to do so.

1202. As the Court stated in <u>United States v. Cassell</u>, 292 F.3d 788, 791 (D.C. Cir. 2002)(citing <u>United States v. Miller</u>, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule 404(b), '<u>any</u> purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered <u>solely</u> to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403.  Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.  <u>United States v. Moore</u>, 732 F.2d 983, 987 (D.C. Cir. 1984).

5.    As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved.  <u>Moore</u>, 732 F.2d at 989.  See <u>Huddleston v. United States</u>,  485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[2]

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is <u>not</u> required to make any sort of preliminary finding or to weigh the evidence as to the other crimes.  Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court <u>neither</u> weighs credibility <u>nor</u> makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." <u>Huddleston</u>, 485 U.S. t 690 (emphasis added).  Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence."  <u>Id</u>. at 690.
                                                                                                                  (continued...)

6.	In the instant case, the government must prove that the defendant possessed the ammunition that were recovered from the defendant's backpack knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently. See Criminal Jury Instructions (the "Red Book"), Instruction 4.29. All of the "other crimes" evidence described above is highly probative of the defendant's knowingly and intentional possession of the gun and ammunition in this case. Moreover, this evidence is also probative in showing that the defendant's possession of the ammunition was not the result of mistake or accident. The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

7.	Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent possession of a firearm or ammunition is admissible as 404(b) evidence. See United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room"). As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted).

---

[2/](...continued)
And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

In <u>United States v. Brown</u>, 16 F.3d 423, 424-26 (D.C. Cir. 1994), the defendant had been charged with multiple drug and firearms charges. The police executed a search warrant at a co-defendant's home and recovered drugs and guns in a safe, and the co-defendant and fingerprint evidence indicated the items in the safe belonged to defendant Brown. <u>Id</u>. At 423-26. When arrested three months later, defendant Brown was carrying a pistol and pager, and additional charges for this gun were added to a superceding indictment. <u>Id</u>. at 424.

In addressing the conceded misjoinder, the Court held that the misjoinder was not prejudicial because, among other reasons, the evidence of the additional firearm on defendant Brown's person would have been admissible under Rule 403(b) in a trial of the original charges for the items in the safe. <u>Id</u>. at 429, 430-32. Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search." <u>Id.</u> at 431. As the Court commented in next finding the evidence admissible under Rule 403, the evidence of defendant Brown's subsequent possession of a firearm "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent." <u>Id.</u> at 432. While the fact that defendant Brown was arrested while carrying a pistol "could be a very prejudicial fact . . . . this prejudicial fact has considerable probative weight. Therefore, the gun, while a close call, also was cross-admissible." <u>Id</u>. at 432. <u>See also</u> <u>United States v. Toms</u>, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm).

Several decisions from other circuits have similarly held that possession of a firearm or ammunition on one occasion is probative of possession on an earlier or later occasion. See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of earlier possession of firearms properly admitted under Rule 404(b) as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's simultaneous and subsequent possession of handguns properly admitted under Rule 404(b) as proof of defendant's knowledge and absence of mistake or accident); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (in trial involving carrying a firearm in connection with a drug trafficking offense, evidence of prior gun possession properly admitted under Rule 404(b) to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (in trial for carrying a firearm in connection with a drug trafficking crime, evidence of prior gun possession obtained from the execution of search warrants was properly admitted over Rule 403 objection because prior possession was probative of knowledge and absence of mistake); United States v. Teague, 737 F.2d 378, 379-81 (4th Cir. 1984) (in prosecution of a felon for possession of a gun, evidence of his subsequent offer to sell a gun was admissible under Rule 404(b) as evidence of intent, knowledge, and absence of mistake in his possession of the gun). Evidence of the defendant's possession of ammunition should be admitted, therefore, to prove that the defendants' possession was knowing and intentional, as well as to show absence of mistake or accident.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


_____/S/_____
LOUIS RAMOS
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 472-167
FEDERAL MAJOR CRIMES SECTION
(202) 305-2195

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Criminal No.   07-093 (HHK) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| **MICHAEL RUTH** | : | |
| **Defendant.** | : | |

## ORDER

WHEREUPON, having considered the Government's Motion To Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(B), and any opposition thereto, it is hereby

**ORDERED**, that the Government's motion is hereby GRANTED.

_____    _____
DATE                                                               HENRY H. KENNEDY
                                                                         U.S. DISTRICT JUDGE