UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Cr. No.  07-093 (HHK) |
| | : | |
| **MICHAEL RUTH,** | : | |
| Defendant. | : | |

**GOVERNMENT'S SUPPLEMENTAL NOTICE OF INTENTION
TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS
PURSUANT TO FEDERAL RULE OF EVIDENCE  609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609.  In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I.  Background.**

The defendant is charged in a one-count indictment with Unlawful Possession of Ammunition by a Person Convicted of Crime Punishable by Imprisonment for One Year or More, in violation of 18 U.S.C. §922(g)(1).

Defendant has been previously convicted of the following three offenses:

> (1) unlawful possession of a controlled substance (cocaine) with intent to distribute in the Superior Court for the District of Columbia in case number 2000-FEL-3359 on July 18, 2000, for which he was sentenced to a period of incarceration of six to eighteen months of incarceration;

    (2) the felony offense of attempted car theft in Circuit Court for Price Georges County, Maryland in case number CT020917X on December 13, 2002, for which he was sentenced to a period of three years of incarceration;

    (3) the felony offense of possession of a controlled dangerous substance with the intent to distribute in Circuit Court for Price Georges County, Maryland in case number CT952052A on March 26, 1996, for which he was sentenced to a suspended sentence of one year and one day and two years of supervised probation.

Should defendant choose to testify, we seek to use these convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

**II. Fed. R. Evid. 609(a)(1).**

"[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Among others, defendant has been convicted twice for unlawful possession with the intent to distribute cocaine and once for attempted car theft, each of which was punishable by more than one years' imprisonment. He was released from custody on each of those offenses within the last ten years. This Court should permit the use of that conviction to impeach the defendant because its probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. Should the defendant choose to testify, his credibility will be a central issue. The probative value of the convictions, therefore, is quite high.

Moreover, his prior convictions, are especially probative in that they are deliberate, planned offenses which evidence a conscious a disrespect for the law, and consequently for the oath and judicial proceedings, over an extended period of time.

With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". Id.   Here, the prejudicial effect of using this conviction for impeachment is outweighed by its probative value:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980).  In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950. The defendant's convictions

**III.  Fed. R. Evid. 609(b).**

Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes:  "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ."  Here, defendant was released from custody within the last ten years.  Thus, the convictions may properly be used for impeachment.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes.

>Respectfully submitted,
>
>JEFFREY A. TAYLOR
>United States Attorney
>D.C. Bar No. 498-610
>
>
>By:  _____/s/_____
>LOUIS RAMOS
>Assistant United States Attorney
>Bar No. 472-176
>555 4th Street, N.W., Room 4243
>Washington, DC 20530
>(202) 305-2195
>louis.ramos@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Government's Supplemental Notice Of Its Intention to Admit Evidence of Defendant's Prior Convictions Pursuant to Federal Rule 609 was served by the Electronic Case Filing system on the Defendant's stand-by counsel, David Bos, Esq., this 25th day of January, 2008.

>_____/s/_____
>LOUIS RAMOS
>Assistant United States Attorney

4