UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**MICHAEL C. RUTH,**<br><br>          **Defendant.** | Criminal 07-0093  (HHK) |

## ORDER

Attached are Standard Trial Practice Rules and Procedures (Appendix A) and Criminal Jury Selection and Administration Procedures (Appendix B) that will be followed in this case.

**SO ORDERED.**

February 21, 2008                                       Henry H. Kennedy, Jr.
                                                                         United States District Judge

# APPENDIX A

## STANDARD TRIAL PRACTICE RULES AND PROCEDURES

1) Counsel shall examine witnesses while standing at the lectern.

2) Bench conferences are discouraged and should be requested only when absolutely necessary. Counsel should not expect each request to approach the bench to be granted routinely. Counsel should always consider whether the issue counsel wish to address at the bench can wait until a recess has been called.

3) Counsel need not and should not ask the court's permission to approach a testifying witness or to have a witness leave the witness stand to point to a chart, diagram, photograph, etc.

4) There will be a "rule on witnesses" unless specifically stated by the court otherwise.

5) Counsel should not make "speaking" objections in front of the jury. An objection shall be made by (1) standing (2) immediately saying "objection"(unaccompanied by any nonverbal communication such as striking the table at which counsel sit) and, if the court does not rule immediately, (3) stating the basis for the objection in no more than four words, e.g., "Objection, hearsay," "Objection, lack of foundation,""Objection, asked and answered."

6) After the court has ruled on any motion or objection, counsel should proceed to the next question or item of business. Counsel shall not attempt to argue further unless a specific request is made of the court to do so and permission for such further argument is specifically given by the court

7) Ordinarily, photographs and documents admitted into evidence that have not been enlarged, will not be "published" to the jury (passed from juror to juror to examine) during the trial. Counsel should anticipate whether it would be desirable to publish items during the trial and bring the matter to the attention of the court as soon as possible and outside the presence of the jury.

8) Counsel should anticipate the need for items that are necessary or desirable for the presentation of non-testimonial evidence, e.g., tape deck, stand to display enlargements, etc., and ensure that such items are on-hand for use during the trial.

9) Jurors will be provided notepads and pencils and will be allowed to take notes.

10) The jury will be given a hard copy of the court's final instructions.

11) Generally, the trial will be conducted on Mondays through Thursday from 9:45 a.m. to 4:45 p.m. with a one hour lunch break as near 12:30 p.m. as possible.

Kennedy, J. 12/98

**APPENDIX B**

**CRIMINAL JURY SELECTION AND ADMINISTRATION PROCEDURES**

1) 45 Jurors will be called and will comprise the jury panel

2) Panel members and jurors will be referred to by juror number and not by name.

3) The members of the panel will be seated in the courtroom in the same order as they appear on the jury list, starting from the top. They will be seated on the left side of the courtroom with the first panel member seated in the seat closest to the left wall of the courtroom as I face the courtroom. There will be eight panel members seated on a row.

4) Each member of the panel will be given an index card and a pencil and told to indicate his or her juror number in the top right corner of the card.

5) The clerk will swear the jury panel using standard oath and with utmost dignity.

6) The court will conduct the voir dire in the following manner:

   a) The panel will be informed of the nature of the case, the purpose of the voir dire, and the procedures that will be followed in conducting the voir dire. Specifically the jurors will be told that (1) a number of questions will be asked of them; (2) if a juror has a response to a question – but only if he /she has a response other than "no" or "not applicable" – the juror should indicate the number of the question and a check to indicate that he or she has a response. (I will give an example of what is to be done so that a juror will not indicate when he or she does not have anything to say in response to a question, e.g., familiarity with an attorney.);

   b) The questions will be read clearly by me preceded by the number of the question;

   c) After the questions are read, the clerk will collect the cards in the order in which the jurors are seated and bring them to me;

   d) Each panel member who has a response to a question (until we have enough prospective jurors (32) to accommodate the exercise of peremptory challenges), will be called to the bench to state his response. I will ask appropriate follow-up questions and will permit the lawyers to do likewise. The attorneys should not however repeat any question I have asked, and their questioning must be within the scope of the questions and answers previously given;

   e) The jurors who are seated in the audience will be told that they may speak quietly to the persons seated next to them or read a book or newspaper but should not discuss the voir dire or their impressions regarding the case or anyone involved in the case;

   f) The court will entertain motions to strike for cause immediately after a juror has been questioned at the bench;

7) Peremptory challenges will be conducted by the "Arizona Method": the Government will have six strikes (plus one for the alternates only) and the Defense ten strikes (plus one for the alternates only) that will be indicated on a form provided indicating the juror number, race, and gender of the panel member struck .

8) The first remaining 14 Jurors will be seated and will comprise the Jury

9) The jurors will be provided notepads and pencils and will be allowed to take notes.

Kennedy, J. 3/98